## THE STATE v. WOOLWINE, *Appellant.*

### Division Two, May 21, 1895.

Practice : BILL OF EXCEPTIONS: EXTENSION OF TIME. Where time was granted in which to file a bill of exceptions and before the expiration of the time an agreement was filed with the clerk extending the time to a given date, the bill can not be filed after such date agreed upon, notwithstanding the court may have attempted to make an order extending the time beyond the agreed date.

*Appeal from Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Edmonston & Cullen* for appellant.

*R. F. Walker,* Attorney General, and *Morton Jourdan,* Assistant Attorney General, for the state.

The bill of exceptions can not be considered, for the reason that it was not filed within the time first allowed by the court, and no sufficient order was made or entered of record in which to preserve it. The first order made by the court expired on August 15, 1894. The court in due time (July 6, 1894) made an order extending the time for filing the bill of exceptions thirty days from the expiration of the first order, or thirty days from August 15, 1894, which thirty days expired on September 14, 1894. On this day the record closed and the judgment became final. No power or authority could be legally exercised to permit the filing of the bill of exceptions, or to extend the time in which to file the

same; hence the order of September 15 was inoperative and of no effect whatever. The judgment should, therefore, be affirmed. *State v. Simmons*, 124 Mo. 443; *State v. Clark*, 119 Mo. 426; *State v. Britt*, 117 Mo. 584; *State v. Mosley*, 116 Mo. 546; *State v. Scott*, 109 Mo. 226; *State v. Hill*, 98 Mo. 570; *State v. Broderick*, 70 Mo. 622; *Boardman v. Vaughn*, 44 Mo. App. 549; *McHoney v. Insurance Co.*, 44 Mo. App. 426; *State v. Apperson*, 115 Mo. 470; *State v. Berry*, 103 Mo. 367; *State v. Harben*, 105 Mo. 603; *State v. Seaton*, 106 Mo. 208; *State v. Ryan*, 120 Mo. 88; *State v. Mansfield*, 106 Mo. 110; *State v. Sweeney*, 54 Mo. App. 580; also, R. S. 1889, sec. 2168.

SHERWOOD, J.—The defendant appeals to this court. He is charged with having ravished, in Audrian county, one Alta Middleton, a girl between fourteen and fifteen years of age.

There were two trials, the first resulting in a verdict assessing his punishment at six years in the penitentiary, and the second in a verdict assessing his punishment at twenty years. From the judgment in the latter case the present appeal is taken from the circuit court of Montgomery county, to which county the cause was taken on change of venue.

However numerous may be the errors committed by the lower court, we are precluded from looking into them, because the bill of exceptions was not filed in time as will readily appear from the following facts: The cause was tried the second time at the May term, 1894. On May 22, 1894, the court made an order, which was entered of record, that the defendant be allowed until on or before August 15, 1894, in which to file bill of exceptions. On July 6, 1894, an agreement was made and filed with the clerk, in which the time for filing bill of exceptions was extended for a

period of thirty days from August 15, 1894. On September 15, 1894, the court attempted to again extend the time to file bill of exceptions, by making an order which was dated and filed with the clerk on September 15, 1894, and subsequently made several additional orders in which he attempted to extend the time, from time to time, in which to file the bill of exceptions. The bill of exceptions was finally filed on October 31, 1894.

On these facts it must be ruled that the period in which the bill of exceptions could be lawfully filed, expired on September 14, 1894. As no error appears in the record proper, no course is left us but to affirm the judgment. All concur.